UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 05-30045-MAP |
| | ) | |
| | ) | |
| | ) | |
| ENRIQUE GONZALEZ, | ) | |
| Defendant | ) | |

MEMORANDUM WITH REGARD TO DEFENDANT'S
MOTION FOR RELEASE (Document No. 13)
July 13, 2005

NEIMAN, U.S.M.J.

On July 11, 2005, the court allowed Enrique Gonzalez ("Defendant")'s motion to release him pending trial. The allowance was subject to certain conditions which had to be fulfilled before Defendant's release could be accomplished. The Government having indicated that it was appealing the ruling, the court sets forth below its reasons for and the conditions of release.

I. Background

Defendant is named in a two count indictment dated June 9, 2005, charging him with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 846(b)(1)(B)(iii) (Count I) and possession with intent to distribute heroin in violation of 18 U.S.C. § 841(a)(1) (Count II).

The Government moved for detention pursuant to 18 U.S.C. § 3142(e) and (f), asserting that Defendant presents a risk of flight and a danger to the community. On

June 17, 2005, the court ordered Defendant detained without prejudice. The court

thereafter addressed Defendant's motion for release and, as indicated, allowed the

motion subject to his fulfilling certain conditions before actual release could be

accomplished.

## II.  Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer

shall order that, pending trial, a defendant be (1) released on his own recognizance or

upon execution of an unsecured bond; (2) released on a condition or combination of

conditions; (3) temporarily detained to permit revocation of conditional release,

deportation, or exclusion; or (4) detained.  18 U.S.C. § 3142(a).  Under the Act, the

judicial officer may detain a person pending trial only if, after a detention hearing held

pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or

combination of conditions [set forth under 18 U.S.C. § 3142(b) or (c)] will reasonably

assure the appearance of the person as required and the safety of any other person

and the community."  18 U.S.C. § 3142(e).

The Supreme Court has cautioned that "[i]n our society liberty is the norm, and

detention prior to trial or without trial is the carefully limited exception."  *United States v.*

*Salerno*, 481 U.S. 739, 755 (1987).  For this reason, a defendant may be detained only

if the judicial officer finds by (1) *clear and convincing evidence*, that the defendant is a

danger to the community, or (2) *a preponderance of the evidence*, that the defendant

poses a risk of flight.  *See* 18 U.S.C. § 3142(f); *United States v. Patriarca*, 948 F.2d

789, 792-93 (1st Cir. 1991); *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987);

*United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986). Furthermore, the judicial officer "may not impose a financial condition that results in the pretrial detention of the person." 18 U.S.C. § 3142(c).

The Bail Reform Act establishes a two-step procedure for making the determination that a defendant should be detained. First, the Government is entitled to move for detention when a defendant has been charged with an offense enumerated in the Act for which Congress has determined that detention is warranted. *See* 18 U.S.C. § 3142(f)(1). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the defendant and the safety of the community against any danger posed by the defendant's pretrial release. *See United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether "any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Government is aided by the statutory presumptions created by 18 U.S.C. § 3142(e). Where the offense charged is one of the offenses enumerated in section 3142(f)(1), a rebuttable presumption is created by section 3142(e), that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the defendant has been convicted of a federal offense that is described in section 3142(f) or an offense under state law that would have been described in section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not

more than five years has elapsed since the date of conviction or release from

imprisonment for such offense.

The Government may invoke the same rebuttable presumption if the judicial

officer finds probable cause to believe that the defendant committed an offense: (1) for

which a maximum term of imprisonment of ten years or more is prescribed in (a) the

Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c)

the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c).

In making the determination as to whether a defendant overcomes the statutory

presumption of 18 U.S.C. § 3142(e), the judicial officer is compelled to consider the

following factors:

> (1) The nature and circumstances of the offense charged, including whether the
> offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --
>
>> (A) the person's character, physical and mental condition,
>> family ties, employment, financial resources, length of
>> residence in the community, community ties, past conduct,
>> history relating to drug or alcohol abuse, criminal history,
>> and record concerning appearance at court proceedings;
>> and
>>
>> (B) whether, at the time of the current offense or arrest, the
>> person was on probation, on parole, or other release
>> pending trial, sentencing, appeal, or completion of sentence
>> for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the
> community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).  The Government has invoked the rebuttable presumption in the

4

instant case.

III.  Finding of Facts and Discussion of Whether Detention is Warranted

In deciding to release Defendant, the court makes the following factual findings

and conclusions of law.

A.  Nature of Offense: § 3142(g)(1)

As described, Defendant is charged with two counts of distribution and

possession of cocaine and heroin.  The events at issue allegedly took place on October

25, 2004.  The Government indicated that Defendant faces a mandatory minimum

period of incarceration of five years, but a guidelines range of 262 to 327 months as a

career offender.

B.  The Weight of the Evidence: § 3142(g)(2)

The case against Defendant appears to be strong, based in the main on the

testimony of a cooperating witness and taped evidence.

C.  History and Characteristics of Defendant: § 3142(g)(3)(A)

Defendant, who is twenty-eight years old, was born in the Bronx, New York,

completed 11th grade in Puerto Rico, and, other than times of incarceration, has lived

both in Rhode Island and Western Massachusetts.  He has two children, one who is

seven and resides in Providence and one who is five and lives in Holyoke.  For the past

five months, Defendant has lived with his girlfriend, Brenda Ayala, in Springfield.

Defendant's parents are deceased.  He has several aunts and uncles who live in this

area.

Defendant has a very sporadic employment history.  His prior criminal record,

however, is fairly extensive, including a number of motor vehicle violations and convictions for assault and battery, possession of a firearm, assault with a dangerous weapon and armed assault.

### D.  Probation Status of Defendant: § 3142(g)(3)(B)

It does not appear that the charged crime was committed while Defendant was on probationary status.

### E.  Whether Defendant Poses a Risk of Flight: § 3142(e)

The Government asserts that Defendant poses a risk of flight if for no other reason than the extended sentence he faces.  For his part, Defendant contends that he has verified family ties to western Massachusetts which militate against flight.

Even though the case against Defendant is strong and the sentence he faces long, that does not outweigh his significant ties to this community and the fact that two of his aunts and an uncle, as well as his girlfriend, are prepared to post both secured and unsecured bonds on his behalf.  Thus, while there may be some risk of flight, there are sufficient conditions which can guard against that risk.  The court has interviewed each one of these individuals and is satisfied that they (and Defendant) are aware of the risks and are voluntarily undertaking the task.

### F.  Whether Defendant Poses a Risk to the Community:  § 3142(g)(4)

The Government asserts that Defendant, if released, will pose a danger to the community.  In essence, the Government maintains that there are no conditions which would guard against that danger.  In particular, the Government asserts that Defendant is a "mid-level" participant in the affairs of the Latin Kings gang.  Defendant, for his

part, asserts that he disassociated from the Latin Kings while in prison.

Although the court takes the Government's concerns seriously, it does not believe that there is clear and convincing evidence that Defendant's release will prove an ongoing danger to the community. Even in cases where there is strong evidence against a defendant and the potential for danger, there may still be strict conditions of release which can serve as a reasonable guard against the risk. *See Patriarca*, 948 F.2d at 794. As District Judge Robert E. Keeton explains, "Congress has not provided a definition of 'safety of . . . the community,'" 18 U.S.C. § 3142(e), or "danger to ... the community," 18 U.S.C. § 3142(g)(4). *United States v. Phillips*, 732 F. Supp. 255, 266 (D. Mass. 1990). He continues:

> Congress did, however, choose to use the term "danger" which by its nature is a risk concept. By using this term, Congress did not declare that the community is entitled to assurances of freedom from all harm, and a court cannot detain arrestees on the mere apprehension of danger of harm. Rather, the court's inquiry must focus on whether, by conditions of release, the community can *reasonably* be assured of its safety.

*Id.* (emphasis supplied) (citing *United States v. Orta,* 760 F.2d 887, 892 (8th Cir. 1985) (en banc)).

Defendant appears to have a stable family relationship with his aunts and uncle, at least one of his children, and his girlfriend. To be sure, the Government, as well as the court, is particularly concerned about Defendant's historic gang activities and alleged drug dealing. The court, however, believes that these will not be serious problems given not only the strong warnings communicated to Defendant and his family during the hearing, but the stringent conditions of release set forth below. These

conditions, the court has determined, can reasonably assure the safety of the

community.  They take into account, in particular, the representations of Defendant's

aunt about her willingness to risk a substantial financial loss should Defendant violate

this order.

### G.  Conditions of Release

The following conditions, once fulfilled, should result in Defendant's pretrial

release:

1.    Defendant shall execute a surety bond in the amount of $ 20,000.00.  In addition, Defendant's aunt, Ivette Gonzalez, shall execute a $10,000 bond, $5,000 of which shall be secured by cash.  Defendant's girlfriend, Brenda Ayala, shall also execute a $10,000 bond, $3,000 of which shall be secured by cash.  Further, Defendant's aunt, Evelyn Feliciano, and his uncle Victor Virella, shall execute $10,00 unsecured bonds.  Each bond shall secure not only Defendant's appearance but also his compliance with all conditions of  release.  A violation of any condition of release can result in forfeiture of the bonds;

2.    Defendant shall refrain from any use or unlawful possession of a narcotic drug or other controlled substances, unless prescribed by a licensed medical practitioner, and shall be subject to random drug testing;

3.    Defendant shall report to Pretrial Services as directed;

4.    Before being released, Defendant shall secure employment and provide Pretrial Services ongoing proof of such employment;

5.    Defendant shall maintain a residence at 98 Long Hill Street, Apartment T, Springfield, Massachusetts;

6.    Defendant shall not travel outside Hampden County;

7.    Defendant shall not possess any firearms; and

8.    Defendant shall be subject to a curfew, the hours of which shall be set once Defendant has secured employment, said curfew to be enforced by an electric monitoring bracelet.

DATED: July 13, 2005

                                           __/s/ Kenneth P. Neiman__
                                            KENNETH P. NEIMAN
                                            U.S. Magistrate Judge