**THOMAS F. McGUIRE**
ATTORNEY AT LAW
THE MARKET PLACE
1365 MAIN STREET
SPRINGFIELD, MASSACHUSETTS 01103

MEMBER OF MICHIGAN
AND MASSACHUSETTS BARS

TEL: (413) 746-3020
FAX: (413) 746-4289



August 31, 2006

Ms. Kelly Foster
Federal Probation Officer
Department of Justice
595 Main Street
Worcester, Ma. 01608

RE: Pre-Sentence Report of Enrique Gonzalez   05-30045 MAP

Dear Ms. Foster:

This letter is written in reply to the proposed pre-sentence report being prepared for U. S. District Judge Ponsor. I would point out that, after this case was continued for sentencing on September 15, 2006, I was never given a new date by which objections to the Pre-Sentence Report were due. I do apologize if they are late. The Defendant has several objections to material in the report which I will address by paragraph number.

In paragraph 50, the Defendant was interviewed with the assistance of an interpreter at the request of Defendant's Counsel. Although the Defendant does speak English, it was necessary for him to have various questions explained to him in Spanish so that he could fully answer the questions.

In paragraph 52 and 53, the Defendant never knew until he was in his late teens why his mother was not involved in his life. In retrospect he realized that the fact that she was only 14 when she had him was the reason his Grandmother raised him. His mother passed away when he was 11, but he did not learn that she had a tumor until he was 17.

In paragraph 55, after his Grandmother died, the Defendant's aunts moved him to Providence, Rhode Island where he lived until he moved with them to Springfield, Massachusetts. The Defendant has had great support from his

aunts who have been involved in his life since he was very young.

In paragraphs 57 through 62, there is no mention of the Defendant's two aunts, who raised him with his Grandmother, and continued to do so after her death. Both Evelyn Feliciano and Ivette Gonzalez are residents of the Springfield area. You told the Defendant that you would arrange to interview these women who have had such a great effect in the Defendant's life. In paragraph 70, you state in the report dated June 16, 2006, that you are "in the process of scheduling an interpreter so that we may call the defendant's aunt." This was never done. The Defendant's aunts, Evelyn Feliciano and Ivette Gonzalez, stand ready to provide a wealth of information about Enrique Gonzaqlez.

In paragraph 66, prior to his arrest in June of 2005, the Defendant was very much a part of his daughter's life. Two weekends a month he would bring Juleisy Gonzalez to Springfield to visit with his extended family. He also supported his daughter and gave money to her mother and grandmother.

In paragraph 68, much is made of the Restraining Order obtained by Mariluz LaGuna on July 11, 1998. There is a quote from the Affidavit, but this Restraining Order was only in effect for less than 48 hours. Further, the police report for this incident, which is attached as Exhibit A, the police did not observe any injury to Ms. LaGuna. The Defendant said his relationship with Ms. LaGuna was at an end and that may have motivated her to call the police. She also complained to the police on August 12, 1998, a month later. At that time, she did not request a Restraining Order. It should be noted that both cases were continued without a finding of guilty on September 16, 1998. While there was a subsequent violation of probation, it was not in any way connected to Mariluz LaGuna.

In paragraph 85, the Defendant was gainfully employed in an upholstery shop in Providence, Rhode Island. He was arrested for a Massachusetts offense which occurred on November 30, 1998 while at work at the upholstery shop.

I would reiterate that to understand the Defendant, Enrique Gonzalez, it is imperative that Probation interview the Defendant's relatives who have been such a large part of his life.

Thank you for your anticipated cooperation.

Sincerely,

Thomas F. McGuire

TFM/jam
Cc: Clerk, U.S. District Court, Springfield
    Mr. Enrique Gonzalez

**EXHIBIT A**

HOLYOKE POLICE DEPARTMENT

Incident Record Report - 07/11/98

---

```
ASSAULT      576 S SUMMER ST / APT 1131   (Sector  1  Area 2)
1824         Description: ASSAULT  Date: 07/11/98  How Received: 911
98030394     RP: MARY LOU   RP Address: SAME  RP Phone: 5362033
    Taken by: MGP         Dspn: ARREST
    Notes:
      RP STATES SHE WAS JUST ASSAULTED BY ENRIQUE GONZALEZ. THE SUBJECT
      DESCRIBED AS 5'2, 110 LBS, DRESSED IN BLUE, WEARING A RED HAT.
    Unit(s) Responding:
      C1 ( FEBO M )    C6 ( CRUZ I BRACH A M )
Involved Persons:
    (VI)  Name: LAGUNA, MARILUZ                      SSN: 583692247
      Address:52  FRANKLYN ST 2L  HOLYOKE  MA  Phone: 536-2329
      DOB: 08/07/78  Age at incident: 19
Related Offenders:
    Name: GONZALEZ, ENRIQUE              Type: T  DOB: 05/31/77  SSN: 581793067
      Arrest/Event Type: ARREST   Date: 07/11/98  Time: 1824    Juvenile?: A
      UCR Type: 4800 OTHER ASSAULT
```

---

Supplemental Report

---

```
    Case#:        Date: 07/11/98   Time: 1932   Officer: 263 FEBO M

    Synopsis: DOMESTIC A/B ARREST
```

    CAR #1 RESPONDED TO THE ABOVE ADDRESS FOR A DOMESTIC.
UPON ARRIVAL I SPOKE TO MS. LAGUNA WHO STATED MR. GONZALEZ IS THE FATHER OF
HER DAUGHTER AND THE TWO WERE HAVING AN ARGUMENT WHEN HE SLAPPED HER IN THE
FACE. MS. LAGUNA WAS GIVEN A 209A CARD AND SHE WAS TAKEN IN CAR #1 TO THE
STATION TO GET AN EMERGENCY 209A.
    MS. LAGUNA STATED MR. GONZALEZ SAID HE WOULD BE OUT FOR $25.00 AND HE
WOULD COME BACK TO GET HER.
    MS. LAGUNA SAID MR. GONZALEZ HAS HIT HER BEFORE AND THE TWO OF THEM HAVE
A THREE MONTH OLD DAUGHTER TOGETHER.
    MR. LAGUNA WAS STANDING IN FRONT OF THE ADDRESS AND WAS PLACED UNDER
ARREST AND TRANSPORTED TO THE STATION VIA CAR #6 (BRACH, CRUZ). AND GIVEN HIS
RIGHTS BY SGT. CASSIDY.

---