FILED

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO: 05 CR 300045 |
|  | MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD |
| VS. | DEPARTURE FROM THE |
| ENRIQUE GONZALEZ, | SENTENCING GUIDELINES |
| DEFENDANT |  |

The Defendant, Enrique Gonzalez, requests that This Honorable Court grant him a downward departure from the sentencing guidelines range in this case. Enrique Gonzalez will be sentenced by This Court on September 8, 2006 on two counts of this Indictment for Possession With Intent To Distribute and Distribution of Cocaine Base and Possession With Intent To Distribute and Distribution of Heroin. The Government will take the position that the Defendant is a Career Offender under U.S.S.G. Section 4B1.1. This is based on the prior criminal record of the Defendant. For purposes of this classification, the Defendant has three predicate offenses. There are two charges of Assault & Battery which occurred on July 11, 1998 and August 11, 1998 involving the same complainant, Mariluz Laguna, who is the mother of the Defendant's daughter, Juleisy Gonzalez. At the time of these charges, the Defendant's relationship with Ms. Laguna was ending .

ARGUMENT

THE APPLICATION OF THE SENTENCING GUIDELINES CATEGORY OF CAREER OFFENDER IN THIS CASE IS UNCONSTITUTIONAL BECAUSE THE CRIMINAL HISTORY OF THE DEFENDANT IS OVERREPRESENTED.

It is true that Enrique Gonzalez had both charges of Assault & Battery Continued Without a Finding of Guilty on September 16, 1998 at the age of 21. In these cases, Enrique Gonzalez was accused on two separate occasions by Mariluz Laguna. In the first instance, she applied for a Restraining Order which was issued at approximately 7:30 p.m. on July 11, 1998. Yet this Restraining Order was vacated on July 13, 2006, less than 48 hours later. The police report for the incident is attached as Exhibit A. The police officers, who came to the home of Mariluz Laguna, did not see any evidence of injury on her, but they still subsequently arrested Enrique Gonzalez. In the Application for the Retraining Order, Mariluz Laguna describes actions of the Defendant as "attempted to cause me physical harm." I have attached the Application and Affidavit for the Restraining Order as Exhibit B. At the time of the Assault & Battery on August 11, 1998, there was no request for a Restraining Order. The police report for this incident is not presently available. On September 16, 1998, both cases were Continued Without a Finding of Guilty for one (1) year.

The facts and disposition of these crimes show that the criminal record of the Defendant is over represented in determining the sentencing guideline classification as a career offender for the Defendant.

A downward departure from the guidelines is permitted "when criminal history

2

category VI, assigned pursuant to the Career Offender guideline, significantly overrepresents the seriousness of a defendant's past criminal conduct and the likelihood of recidivism." United States v. Beckham, 968 F.2d 47, 54 (D. C. Cir.1992).In United States v. Spencer, 817 F. Supp. 176, (D. D. C.1993), Cordell Spencer had three qualifying convictions under the Career Offender provision. Thus, Enrique Gonzalez is eligible under the Career Offender section to receive a very lengthy sentence from 15 years 8 months to 19 years 7 months the same as an individual who distributed a much larger amount of cocaine. This illustrates the problem with the Career Offender provision of the Sentencing Guidelines. It is that they "direct the court to ignore many relevant facts about the offender and the crime to fix the offender's sentence based on only one or two 'facts.'" United States v. Gordon, 953 F. 2d 1106, 1108,(8th Cir. 1991) (Heaney, J. Concurring). "Factors such as the defendant's age at the time of the prior offenses, his role in those crimes, the number of years that have elapsed since then, and the relative severity of the previous convictions are simply prohibited from entering the sentencing court's calculus once Section 4B1.1 is triggered. " United States v. Spencer, Supra, p.183. It is clear "that focusing only on the existence of prior convictions without looking into what actually happened years ago, however, results in irrational and unjust sentences." Id. Requiring such a severe sentence violates the constitutional protections of due process under the Fifth Amendment, Article Three and the Eighth Amendment of the Constitution. Id.

    While Enrique Gonzalez does have two qualifying convictions, his classification as a Career Criminal does not adequately portray the Defendant who now comes before This

Honorable Court to be sentenced. This a man who while incarcerated at the Massachusetts Correctional Institute at Norfolk renounced publicly his membership in the Latin Kings Gang. (Documents proving this were seized by the Government at the arrest of the Defendant.)

This Court should depart from the guidelines by finding that the Career Offender in this case overstates the Defendant's prior criminal history and would result in an unjust sentence.

There is precedent for a departure from the guidelines in a case such as this. A departure is appropriate if "'reliable information indicates' that 'a defendant's criminal history category significantly over-represents the seriousness of [the] defendant's criminal history or the likelihood that the defendant will commit future crimes.'" United States v. Carroll, 966 F. Supp. 392, (1997) quoting USSG Section 4A1.3, p.s. Duane Carroll had three qualifying felony convictions. His first occurred at age 21 and his second occurred five years later at age twenty-five. Id. Enrique Gonzalez had two convictions which occurred at age 21. His other conviction happened at age twenty-two. He admitted his responsibility and served his time.

The Defendant, Enrique Gonzalez, asks This Honorable Court to find that a departure from the guidelines is warranted and sentence him without classifying him as a career offender.

                                                  THE DEFENDANT

                                                  BY HIS ATTORNEY

                                                  /s/ Thomas F. McGuire

                                                  THOMAS F. MCGUIRE

                                                  1365 MAIN STREET

                                                  SPRINGFIELD, MA. 01103

SEPTEMBER 8, 2006                         413/746-3020/FAX413-746-4289

**EXHIBIT A**

HOLYOKE POLICE DEPARTMENT

Incident Record Report - 07/11/98

---

```
ASSAULT     576 S SUMMER ST / APT 1131  (Sector  1  Area 2)
1824        Description: ASSAULT  Date: 07/11/98  How Received: 911
98030394    RP: MARY LOU  RP Address: SAME  RP Phone: 5362033
   Taken by: MGP       Dspn: ARREST
   Notes:
     RP STATES SHE WAS JUST ASSAULTED BY ENRIQUE GONZALEZ. THE SUBJECT
     DESCRIBED AS 5'2, 110 LBS, DRESSED IN BLUE, WEARING A RED HAT.
   Unit(s) Responding:
      C1 ( FEBO M )    C6 ( CRUZ I BRACH A M )
Involved Persons:
   (VI)  Name: LAGUNA, MARILUZ                    SSN: 583692247
      Address:52  FRANKLYN ST 2L  HOLYOKE  MA  Phone: 536-2329
      DOB: 08/07/78  Age at incident: 19
Related Offenders:
   Name: GONZALEZ, ENRIQUE           Type: T   DOB: 05/31/77 SSN: 581793067
      Arrest/Event Type: ARREST   Date: 07/11/98  Time: 1824   Juvenile?: A
      UCR Type: 4800 OTHER ASSAULT
```

---

Supplemental Report

---

```
    Case#:      Date: 07/11/98   Time: 1932  Officer: 263 FEBO M

    Synopsis: DOMESTIC A/B ARREST

    CAR #1 RESPONDED TO THE ABOVE ADDRESS FOR A DOMESTIC.
UPON ARRIVAL I SPOKE TO MS. LAGUNA WHO STATED MR. GONZALEZ IS THE FATHER OF
HER DAUGHTER AND THE TWO WERE HAVING AN ARGUMENT WHEN HE SLAPPED HER IN THE
FACE. MS. LAGUNA WAS GIVEN A 209A CARD AND SHE WAS TAKEN IN CAR #1 TO THE
STATION TO GET AN EMERGENCY 209A.
    MS. LAGUNA STATED MR. GONZALEZ SAID HE WOULD BE OUT FOR $25.00 AND HE
WOULD COME BACK TO GET HER.
    MS. LAGUNA SAID MR. GONZALEZ HAS HIT HER BEFORE AND THE TWO OF THEM HAVE
A THREE MONTH OLD DAUGHTER TOGETHER.
    MR. LAGUNA WAS STANDING IN FRONT OF THE ADDRESS AND WAS PLACED UNDER
ARREST AND TRANSPORTED TO THE STATION VIA CAR #6 (BRACH, CRUZ). AND GIVEN HIS
RIGHTS BY SGT. CASSIDY.
```

---

**EXHIBIT B**

| COMPLAINT FOR PROTECTION FROM ABUSE (G.L. c.209A) Page 1 of 2 | COURT USE ONLY – DOCKET NO. 9817-70-0299 | TRIAL COURT OF MASSACHUSETTS |
|---|---|---|

**A** ☐ BOSTON MUNICIPAL COURT   ☒ DISTRICT COURT   ☐ PROBATE & FAMILY COURT   ☐ SUPERIOR COURT   _____ DIVISION

**B** Name of Plaintiff (person seeking protection): **LAGUNA, MARILUZ**

Name of Defendant (person accused of abuse): **GONZALEZ, ENRIQUE**

Plaintiff's Address. DO NOT complete if the Plaintiff is asking the Court to keep it confidential. See K. 4. below.

**C** **52 FRANKLYN ST 2-L**

Def. Date of Birth: **3-30-77**   Defendant's Alias, if any: ____

Defendant's Address: **80 N. EAST ST 2FL HOLYOKE MA 01040**   Day Phone ( )   Sex: ☒ M ☐ F

Daytime Phone No. **(413) 536-2329**

If the Plaintiff left a former residence to avoid abuse, write that address here: **372 MAPLE 4-L**

Social Security #: **___-__-3067**   Place of Birth: ____

Defendant's Mother's Maiden Name (first & last): ____

**D** ☒ I am over the age of eighteen.
☐ I am under the age of eighteen, and _____ my _____ (relationship to Plaintiff) has filed this complaint for me.
The Defendant ☐ is ☐ is not under the age of eighteen.

Defendant's Father's Name (first & last): ____

The Defendant and Plaintiff:
☐ are currently married to each other
☐ were formerly married to each other
☐ are not married but we are related to each other by blood or marriage; specifically, the Defendant is my ____

**E** To my knowledge, the Defendant possesses the following guns, ammunition, firearms identification card, and/or license to carry:

**H**
☒ are the parents of one or more children
☐ are not related but live in the same household
☒ were formerly members of the same household
☒ are or were in a dating or engagement relationship

**F** Are there any prior or pending court actions in any state or country involving the Plaintiff and the Defendant for divorce, annulment, separate support, legal separation or abuse prevention? ☒ No ☐ Yes
If Yes, give Court, type of case, date, and (if available) docket no.

**I** Does the Plaintiff have any children? ☐ No ☒ Yes   If yes the Plaintiff shall complete the appropriate parts of Page 2.

**J** On or about (dates) **7-11-98** _____ I suffered abuse when the Defendant:
☒ attempted to cause me physical harm     ☐ placed me in fear of imminent serious physical harm
☐ caused me physical harm     ☐ caused me to engage in sexual relations by force, threat of force or duress

THEREFORE, I ASK THE COURT TO ORDER:
☒ 1. the Defendant to stop abusing me by harming, threatening or attempting to harm me physically, or placing me in fear of imminent serious physical harm, or by using force, threat or duress to make me engage in sexual relations unwillingly.
☒ 2. the Defendant not to contact me, unless authorized to do so by the Court.
☒ 3. the Defendant to leave and remain away from my residence which is located at:
**52 FRANKLYN ST 2-L**
If this is an apartment building or other multiple family dwelling, check here ☐
☐ 4. that my address be impounded to prevent its disclosure to the Defendant, the Defendant's attorney, or the public. Attach Request for Address Impoundment form to this Complaint.
☐ 5. the Defendant to leave and remain away from my workplace which is located at: _____
☐ 6. the Defendant to pay me $ _____ in compensation for the following losses suffered as a direct result of the abuse: _____

**K**
You may not obtain an Order from the Boston Municipal Court or a District or Superior Court covering the following item 7 if there is a prior or pending Order for support from the Probate and Family Court.
☐ 7. the Defendant, who has a legal obligation to do so, to pay temporary support for me.
☒ 8. the relief requested on page two of this Complaint pertaining to my minor child or children.
☐ 9. the following: _____

☐ 10. the relief I have requested, except for temporary support for me and/or my child(ren) and for compensation for losses suffered, without advance notice to the Defendant because there is a substantial likelihood of immediate danger of abuse. I understand that if the Court issues such a temporary Order, the Court will schedule a hearing within 10 court business days to determine whether such a temporary Order should be continued, and I must appear in Court on that day if I wish the Order to be continued.

DATE: **7-11-98**   PLAINTIFF'S SIGNATURE: X *Mariluz Laguna*   Please complete affidavit on reverse of this page

This is a request for a civil order to protect the Plaintiff from future abuse. The actions of the Defendant may also constitute a crime subject to criminal penalties. For information about filing a criminal complaint, you can talk with the District Attorney's Office for the location where the alleged abuse occurred.

FA 1 (9/95)   COURT COPY

| AFFIDAVIT | Describe in detail the most recent incidents of abuse. The Judge requires as much information as possible, such as what happened, each person's actions, the dates, locations, any injuries, and any medical or other services sought. Also describe any history of abuse, with as much of the above detail as possible. |
|---|---|

On or about 7-11-, 1998, the Defendant Gonzalez, Enrique

I Mariluz Laguna am scared of Enrique Gonzalez the father of my Doughter He smack my Ear and face today he told me Hey $25 bucks is all it take I'll be out tonight to kick your ass he has beat me up befor to a point when I had to move out of my last house to get away from him.

He Kick my door and I live in housing I got a warning he Kick my door so I can let him in saying he will Couse me to loose my appartment, he also has damage my new Appartmen becouse I don't want to get Kick out

He abuses me I am afraid of him And Im Scare that he will come to my hom agoing to beat me

If more space is needed, attach additional pages and check this box: ☐

I declare under penalty of perjury that all statements of fact made above, and in any additional pages attached, are true.

DATE SIGNED: 7-11-98

PLAINTIFF'S SIGNATURE: x Mariluz Laguna

WITNESSED BY: x Manu Febo #263 HPD

PRINTED NAME OF WITNESS: MANUEL FEBO

TITLE/RANK OF WITNESS: P.O.