```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS
```

**UNITED STATES OF AMERICA** )
)
v. ) CR NO. 05-30045-MAP
)
**ENRIQUE GONZALEZ** )

<u>MEMORANDUM RE: SENTENCING</u>

May 9, 2007

PONSOR, D.J.

On April 27, 2006, Defendant pled guilty to possession with intent to distribute cocaine base and possession with intent to distribute heroin. On December 14, 2006, the court sentenced Defendant to 96 months custody of the Bureau of Prisons (with the recommendation that he participate in the 500-hour residential drug abuse program) and four years supervised release.

The purpose of this memorandum is to set forth in easily accessible form the reasons underlying the court's sentencing decision. The memorandum will not change the reasons noted by the court at the December 14, 2006 sentencing hearing but will express them in a more concise form.

At the sentencing the court found preliminarily that

Defendant fell under the Career Offender provisions of the Sentencing Guidelines, and that, pursuant to those provisions, he stood at an offense level of 31 and criminal history category VI, producing an advisory Guideline range of from 188 to 235 months.

Employing two alternative rationales, the court thereafter imposed a sentence below the advisory range.

First, the court found that a traditional justification for departure (pre-Booker) existed and provided a compelling basis for a departure below the otherwise applicable advisory range. The basis of this decision was the court's conclusion that Defendant's Career Offender status substantially overstated the true seriousness of Defendant's actual criminal biography. The court has seen many career offenders in the last ten years, and this defendant's history was distinctly modest in comparison with the typical member of that group. He was convicted of two relatively minor domestic assaults, as well as one serious crime of assault with intent to murder. The record for one of the domestic assaults was not available, but the documentation describing the other assault indicated that it involved a slap in the face inflicted on Defendant's

then domestic partner. Without in any way minimizing the seriousness of domestic assault, this is not normally the kind of activity which lands a defendant in the Career Offender category.

Based on this, the court made a determination to sentence Defendant in accordance with the advisory Guideline provisions that would have applied but for his Career Offender status. This calculation produced an offense level 23 and a criminal history category V, generating an advisory range from 84 to 105 months. The court then sentenced Defendant in the middle of this Guideline range, to 96 months custody of Bureau of Prisons.

Alternatively, assuming that the court's allowance of a downward departure was incorrect, the court considered the factors set forth at 18 U.S.C. § 3553(a) and concluded that, under this rationale also, the sentence of 96 months was appropriate. In reaching this decision, the court continued to consider the overstatement of Defendant's criminal history category under the Career Offender provisions. It also considered Defendant's lack of guidance during his early years. Defendant's mother was fourteen years old when he was

born and died at age twenty-five when Defendant was eleven. Defendant never knew his father. He was raised by various relatives, without the continuous guidance of any adult. At age sixteen, he was lured into the Latin Kings, but the court found it significant that, as of the time of his sentencing, he had renounced any type of gang affiliation. In addition, unlike the vast majority of defendants before the court, Defendant was married and had a strong relationship with his wife and his stepchildren and child. The wife's letter in support of Defendant reflected her commitment to their marriage.

The court concluded, given the support of his spouse, the decision to renounce his membership in the Latin Kings, his gradual recovery from his troubled upbringing, and the low likelihood of any recidivism, that a 96-month sentence would serve all the purposes of § 3553(a). In particular, the court had in mind the beneficial impact of the 500-hour drug program available to him under the court's sentence.

The approach described above was intended to comply with the First Circuit's directive in U.S. v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006). The court addressed possible

objections to the Pre-Sentence Report and established the advisory Guideline range. The court then found, in the special circumstances of this case, persuasive and identified reasons to impose a reasonable non-Guidelines sentence. Id. at 517.

                                              _/s/ Michael A. Ponsor_
                                              MICHAEL A. PONSOR
                                              United States District Judge